Smith, C. J.
The plaintiff in error was charged by an affidavit filed (on belief) in the police court of Cincinnati, March 3rd, 1888, “with unlawfully and knowingly discharging fire-arms, to-wit, a pistol, within the limits of the city of Cincinnati.”
On this affidavit a warrant issued, directed to the superintendent of police, commanding him to arrest the defendant forthwith, and have her before the judge of said police court “to answer unto the state of Ohio, charged with discharging fire-arms.” No return was made upon this warrant, but the transcript of the record of the police court shows, that on the *498 5th day of March, 1888, the case was continued until March 7th, 1888, and bail given, and on that day again continued until March 13th, and bail giyen, and that on the last named day “ the defendant being in court, pleaded not guilty to the charge of discharging fire-arms, and waived a jury, and the court having heard the testimony, found the defendant guilty ” — and thereupon proceeded to sentence her to pay a fine of $25.00 and costs, and to stand committed until the fine and costs were paid, and further required her to execute a bond to keep the peace, in the sum of $100, all of which the defendant then complied with.
It is manifest that the proceedings in this case were loosely conducted, and that the manner of stating the charge in the affidavit, and its recital in the warrant are not in accordance with the plainest principles of law and of practice; but we are of the opinion that there was an attempt to commence a prosecution against the defendant based on an ordinance of the city, and not against anj^ state law, as might be inferred from the language of the warrant, which, however, is not to determine this question. Indeed the affidavit which states the only charge made against her, can not by any construction be held to charge any offense against the state, and counsel representing the city admit that it was not intended to do so; but was a prosecution based on section 20 of an ordinance of the city passed in 1856 (Merrill’s Ordinances, 274), which provides “that it shall be unlawful, except for persons in military array, or in self-defense, or to enforce the laws, to discharge any description of fire-arms whatever.” The penalty imposed by the ordinance for the violation of this section is a fine of not exceeding $10 and costs, or imprisonment for not less than one nor more than thirty days, or both, at the discretion of the court.
. It is claimed by the counsel for plaintiff in error, that the whole judgment of the police court was, utterly void, for the reasons that such court had no jurisdiction of the person of the defendant, because no return was made on the warrant showing her arrest' — -that there was no legal affidavit, it having been made only on belief, and not positively — that the affidavit charged no offense, and that the defendant consequently could not be legally found guilty of any.
*499 We state our conclusions as to these matters briefly:
1. We are of the opinion that the fact that no return was made upon the warrant which was issued, did not under the circumstances disclosed in the record, deprive the court of jurisdiction to hear and determine the cause. The defendant having twice appeared and given bail, on the day set for trial again appeared in court, entered her plea of not guilty, waived a jury and submitted to a trial by the court: This in a prosecution for a breach of an ordinance, (only a quasi criminal case), or even in a prosecution for a crime, is sufficient to give the court jurisdiction of the person of a defendant. The object of a warrant is to bring the party before the court, and if he voluntarily comes and gives bail and submits to a trial without the issue or service of a warrant, this we think is sufficient, and all that is necessary.
2. The fact that the affidavit was made on the belief of the person filing the same, and which did not state the facts absolutely, while it may be open to objection, did not, in the absence of a motion to quash, deprive the court of jurisdiction in the proceeding.
8. We think that no sufficient charge was made in the affidavit against the defendant. By the ordinance referred to, it was not made unlawful to discharge fire-arms within the city under all circumstances. Persons in military array,— those doing so in self-defense, or in enforcing the laws, were expressly excepted from the operation of the section, and the affidavit on which the defendant was tried, (no information having been filed thereon,) did not allege that the defendant did not come within the exceptions. On a motion to quash the affidavit for this cause, it would have been the duty of the police court to have sustained it. No such motion was in fact made, but if no offense was charged, no legal judgment could be rendered against her, and for reasons hereinafter stated, it can now be taken advantage of.
4. The fine assessed by the judgment was $25.00 and costs. The maximum allowed by the ordinance to be assessed was $10.00 and costs. In a prosecution under a city ordinance, a peace bond can not be required. In both of these particulars the judgment was clearly erroneous. No exception was taken *500 to this judgment, but as held in 12 Ohio St. 402, and 26 Ohio St. 372, on a final judgment it is entirely unnecessary to do so. When the judgment on its face, under the laws of which a court takes judicial notice, is clearly erroneous, it is the duty of a reviewing court to correct it.
Wm. H- Pope, for plaintiff in error.
J. P. Murphy, for defendant in error.
Our conclusion is that the judgment of the court of common pleas affirming the judgment of the police court was erroneous — that both judgments should be reversed with costs, and plaintiff in error restored to all she has lost thereby, and that the case be remanded to the police court, with instructions to discharge the defendant from prosecution on the affidavit filed therein.